RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 2/2/06
64

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| JAMES A REED | * | CIVIL ACTION NO. 04-2034 |
| VERSUS | * | JUDGE RICHARD T. HAIK |
| ENSCO OFFSHORE, INC. | * | MAGISTRATE JUDGE HILL |

## ORDER

Pending before the Court is Defendant's Motion to Limit the Expert Testimony of G.E. "Jay" Disler [Doc. #35]. The Defendant contends that Disler's opinions fail the reliability and relevance requirements of the Federal Rules of Evidence as prescribed by the Supreme Court in *Daubert v. Merrel Dow Pharmeceuticals*, 509 U.S. 579 (1993), and its progeny.

After due consideration of the parties's memoranda and exhibits, the court makes the following findings:

This case is set for a bench trial on February 6, 2006. Therefore, there is no concern of jury prejudice or confusion. Captain G.E. "Jay" Disler has extensive experience in managing the type of tasking at issue (i.e. unloading a grocery box aboard a vessel). His testimony regarding the Maritime Rule of Thumb and the proper safety precautions taken by persons in charge of unloading a grocery box aboard a vessel is relevant, reliable and certainly helpful under Rule 702 of the Federal Rules of Evidence. However, Captain Disler lacks the expertise and sufficient knowledge to testify with regard to the applicability of the NIOSH standards, as he admitted in his preliminary expert report.

Accordingly, it is HEREBY ORDERED that the Defendant's Motion to Limit testimony of

Captain G.E. "Jay" Disler is GRANTED in part and DENIED in part.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 1st day of February 2006.

*[signature]*
CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

COPY SENT
DATE 2-2-06
BY GB
Fax TO Domengeux
Breaud